```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

**TORREY BROWN**                                           **CIVIL ACTION**

**VERSUS**                                                 **NO. 19-12641**

**JAMES LEBLANC, ET AL.**                                  **SECTION: "B"(5)**

## ORDER AND REASONS

Before the Court are plaintiff Torrey Brown's objections to the Magistrate Judge's Report and Recommendation (Rec. Doc. 20), the Magistrate Judge's Report and Recommendation (Rec. Doc. 17), and defendants' motions to dismiss plaintiff's complaint (Rec. Doc. 12, 13, and 14. Accordingly,

**IT IS ORDERED** that plaintiff's objections are **OVERRULED** and the Magistrate Judge's Report and Recommendation is **ADOPTED** as the Court's opinion, dismissing the instant action;

**IT IS FURTHER ORDERED** that plaintiff's motion for physical examinations (Rec. Doc. 21) is hereby **DISMISSED AS MOOT,** thereby vacating the order for a response to that motion (Rec. Doc. 22).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Torrey Brown is in inmate at Rayburn Correctional Center ("RCC"). Plaintiff was convicted of two counts of first-degree robbery, one count of simple robbery, and one count of carjacking in the 24th Judicial District Court for the Parish of Jefferson. *Brown v. Tanner*, No. 15-CV-7038 "G"(5). This issue

1

stems from a disagreement between plaintiff and the named defendants regarding whether plaintiff has hepatitis B and C.

In September 2018, plaintiff attended an appointment with Dr. Cleveland to review blood test results after plaintiff requested he be treated for hepatitis "B" and "C." Rec. Doc. 4-1 at 2. At the appointment, Dr. Cleveland notified plaintiff that the blood test was negative for both viruses and contrary to the positive diagnoses plaintiff received in 2012 and 2018. *Id*. Plaintiff asked to be tested again, and Dr. Cleveland advised plaintiff that his body had cured itself of the disease; however, Dr. Cleveland ordered blood tests to monitor the progression of the disease. *Id*.

Plaintiff thereafter filed a Step 1 grievance under the Prisoner Administrative Remedy Procedure ("ARP"), where he argued that he had several symptoms related to hepatitis B and C. *Id*. at 3. Warden Tanner responded to plaintiff's Step 1 grievance, which was rejected. Plaintiff thereafter submitted a Step 2 grievance, " . . . arguing that [the] 2018 lab results which Dr. Cleveland had related a misdiagnosis of HBV and HBC totally contradicted Warden Tanner's [S]tep 1 response." *Id*. Secretary LeBlanc subsequently denied plaintiff's Step 2 grievance.

Plaintiff thereafter asserts that in early 2019 he attended another appointment with Dr. Cleveland where "the lab results further contradict the defendants' previous findings that

2

[p]laintiff's body defense mechanism overcame HCV and HBV exposure." *Id*. at 3. Plaintiff claims that he did not receive any treatment for symptoms related to hepatitis B and C and was only provided Pepto-Bismol and Ibuprofen. *Id*. At a later appointment in 2019 with Dr. Cleveland, plaintiff was again tested for hepatitis B and C, and was awaiting his results at the time he filed his complaint. *Id*.

Defendants filed three separate motions to dismiss. Rec. Docs. 12, 13, 14. The Magistrate Judge ("MJ") recommends that the motions to dismiss be granted, and that plaintiff's claims against all named defendants be dismissed. Rec. Doc. 17. Plaintiff filed objections to the MJ's Report and Recommendation. Rec. Doc. 20. Plaintiffs stated objection is essentially that the motions to dismiss filed by defendant and the MJ's report and recommendations "undermine[] the urgency and significance of the petition [filed by plaintiff]." Rec. Doc. 20 at 1. Plaintiff also contends that the motions "contradict[] the relevance of all issues presented" and that Secretary LeBlanc violated the MJ's March 27, 2020 order to furnish a verified copy of plaintiff's complete medical record. *Id*. at 2. Plaintiff claims that because the documents were from 2017 until 2019, the submission "totally contradicts the judge's order." *Id*. Plaintiff further avers that his original "Administrative Remedy Procedure" was specifically in regard to " a pattern of medical

3

indifferences and disturbing labs and diagnoses stemming back to 2010." *Id*.

**Law and Analysis**

The MJ noted, correctly, that "the law is well settled that in order to set forth a cognizable claim under § 1983, an aggrieved party must allege that the defendant, a person acting under the color of state law and in accordance with an established state procedure, deprived him of his rights, privileges, or immunities secured by the Constitution or laws of the United States." Rec. Doc. 17 at 4 (citing *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). Correctional facilities are not persons for purposes of § 1983 claims. Plaintiff's claims against RCC are frivolous and fail to state a claim under § 1915(e) and Rule 12(b)(6).

Plaintiff's complaints against the individual defendants in their offical capacities are also dismissed. As employees of the state, suit against them is barred by the Eleventh Amendment. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313-14 (5th Cir. 1999)). Because the sovereign immunity bestowed by the Eleventh Amendment deprives a court of jurisdiction, the claims so barred are properly dismissed without prejudice. *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996); *Kervin* v. City of New Orleans, No. 06-CV-3231, 2006 WL 2849861

4

at *2-4 (E.D. La. Sept. 28, 2006).

In their individual capacities, defendants LeBlanc, Tanner, nor Kennedy were involved in the provision of medical care to plaintiff. However, LeBlanc and Tanner only passed on ARP grievances and Kennedy's role was limited to responding to a letter plaintiff wrote regarding the effectiveness of Dr. Cleveland's treatment. The MJ correctly noted that "[i]nmates like [p]laintiff . . . have no constitutional right to an adequate and effective grievance procedure or to have their complaints investigated and resolved to *their satisfaction*." Rec. Doc. 17 at 5 (emphasis added)(citing *Propes v. Mays*, 169 Fed. Appx. 183, 184-85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *Lewis*, 2019 WL 5430650 at *4; *Tyson v. Tanner*, No. 08-CV-4599, 2009 WL 2883056 at *5 (E.D. La. Aug. 25, 2009)). Thusly, plaintiff's § 1983 claims against LeBlanc, Tanner, and Kennedy in their individual capacities are dismissed as frivolous and for failure to state a claim under § 1915(e) and Rule 12(b)(6).

The record and law also support the MJ's treatment of plaintiff's remaining claims against Dr. Cleveland. The record contains relevant medical procedures that plaintiff underwent at RCC. This Court will not recite those procedures in complete detail, but plaintiff has undergone (1) consultations with neurology; (2) seen an Ear Nose and Throat Physician; (3) Urology

5

clinics; (4) physical therapy; (5) surgical intervention; (6) audible testing; (7) and a colonoscopy, during his time at RCC. Rec. Doc. 17 at 6. Plaintiff's medical records from RCC exceed 200 pages of material.

Regarding plaintiff's claims regarding his medical treatment at RCC, the MJ aptly reasoned with record support:

> Applying these authorities to the matter at hand, no colorable claim of deliberate indifference on the part of Dr. Cleveland is apparent here. "It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs." *Gillis v. Goodwin*, No. 13-CV-2506, 2015 WL 3622675 at *3 (W.D. La. Jun. 9, 2015). Moreover, "… disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs." *Id.* at *2 (citing *Norton*, 122 F.3d at 292). Pertinent to this matter, "… the decision whether to provide additional treatment 'is a example of a matter for medical judgment.'" *Domino*, 239 F.3d at 756 (quoting *Estelle*, 429 U.S. at 107, 97 S.Ct. at 293). The voluminous records provided to the Court demonstrate that jail officials were attentive to Plaintiff's medical needs, treating him for a variety of conditions at RCC and referring him to outside specialists as necessary. There is no showing that Dr. Cleveland "'… refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Even the "'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 838, 114 S.Ct. 1970, 1979 (1994)). Where an inmate like Plaintiff has admittedly been examined on numerous occasions, the Court is hardly in a position to second-guess the decisions of professional medical personnel, particularly as to whether a specific symptom that he suffered was attributable to hepatitis "C" as opposed to

> his long-standing GERD or H. pylori. *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). *Plaintiff's allegations regarding his medical care amount to a disagreement with the treatment provided and are insufficient to show a constitutional violation.* *Grumbles v. Livingston*, 706 Fed.Appx. 818, 820 (5th Cir. 2017)(failure to provide inmate with medications that could cure hepatitis "C" not a constitutional violation); *Hendrix v. Lloyd Aschberger, P.A.*, 689 Fed.Appx. 250 (5th Cir. 2017); *Randall v. Behrns*, 141 Fed.Appx. 307, 309 (5th Cir. 2005), *cert. denied*, 547 U.S. 1100, 126 S.Ct. 1885 (2006); *Ferguson v. Arce*, 101 Fed.Appx. 980, 981 (5th Cir. 2004)(disagreement with treatment for hepatitis "C" insufficient to establish deliberate indifference); *Davidson v. Texas Dept. of Crim. Jus., Inst. Div.*, 91 Fed.Appx. 963, 964-65 (5th Cir.), *cert. denied*, 543 U.S. 864, 125 S.Ct. 543 (2004).

Rec. Doc. 17 at 14-15 (emphasis added).

The record does not support plaintiff's two-page conclusory objections. Plaintiff's request that Secretary LeBlanc be held in contempt for not submitting medical records for the past ten years is also meritless. Secretary LeBlanc provided plaintiff's medical records from the relevant time period of plaintiff's claims. The claims and objections fail.

New Orleans, Louisiana, this 31st day of August 2020.

_[signature]_
SENIOR UNITED STATES DISTRICT JUDGE